**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2168-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR SANCHEZ,

    Defendant-Appellant.

_____

> Submitted September 18, 2017 — Decided October 30, 2017
>
> Before Judges Sabatino and Ostrer.
>
> On appeal from the Superior Court of New
> Jersey, Law Division, Essex County, Indictment
> No. 10-09-2073.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Alan I. Smith, Designated
> Counsel, on the brief).
>
> Robert D. Laurino, Acting Essex County
> Prosecutor, attorney for respondent (LeeAnn
> Cunningham, Special Deputy Attorney General/
> Acting Assistant Prosecutor, of counsel and
> on the brief).

PER CURIAM

    Defendant appeals from the denial of his post-conviction

relief (PCR) petition without an evidentiary hearing.  After five

days of testimony by seventeen witnesses in his trial for murder, defendant entered a negotiated plea to aggravated manslaughter and weapons possession, and received an aggregate twenty-five-year sentence, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. He contends that he would have accepted the State's pre-trial plea offer of a twenty-year term, but for his attorney's ineffective assistance. We affirm.

We review de novo the PCR judge's legal conclusions, as well as factual inferences drawn from the documentary record absent a plenary hearing. State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). A defendant is entitled to effective assistance of counsel in deciding to accept or reject a plea offer. Lafler v. Cooper, 566 U.S. 156, 168, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398, 410 (2012). We apply the two-pronged Strickland test and determine whether the record reveals that defendant's trial counsel was ineffective, and that defendant suffered resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A defendant who asserted that attorney ineffectiveness caused him to reject a favorable plea offer and take a second, less favorable one, had to show prejudice by demonstrating that but for counsel's errors, he would have accepted the first plea offer and

the court would have approved it also. Missouri v. Frye, 566 U.S. at 134, 148, 132 S. Ct. at 1410, 182 L. Ed. 2d at 392 (2012). A defendant who claimed ineffective advice led him to reject a plea offer and instead stand trial, had to show a reasonable probability he would have accepted the plea and the court would have done so as well. Lafler, supra, 566 U.S. at 164, 132 S. Ct. at 1385, 182 L. Ed. 2d at 407.

Although defendant here ultimately entered a plea mid-trial, his petition focuses on his pre-trial decision to go to trial, rather than plead guilty. He claims he would have accepted the twenty-year offer had his attorney disclosed to him a restaurant's surveillance recording that allegedly placed him at the scene before the homicide. His bald assertion does not establish a prima facie showing of prejudice. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

The State alleged that defendant was involved in an altercation with the victim outside the restaurant. Some time later, defendant returned wearing a face mask and fatally shot the victim. The State presented eyewitnesses to both incidents. Although defendant's mask obscured part of his face, the victim's brother identified defendant as the killer, and quoted the victim's dying declaration that defendant shot him. Other witnesses to the shooting could not discern the shooter's face, but were able to

identify his clothing. A video of the shooting likewise depicted the shooter's clothing, but not his face.

At the start of the trial, both the prosecutor and trial counsel were unaware that an extended recording of the area outside the restaurant, covering the time period of the altercation, was disclosed to the first defense counsel. After trial counsel cross-examined an officer who obtained that recording, the prosecutor obtained another copy and disclosed it to trial counsel. At that point, trial counsel sought a mistrial, arguing that the recording corroborated the testimony of the witnesses whose credibility he challenged in his opening. Trial counsel also conceded he recently discovered the overlooked recording in his predecessor's file.

The court denied the motion. Among other reasons, the judge stated, based on his review of the recording, there was "no clear . . . showing or indication that a fight, in fact, occurred, let alone that the defendant participated or was a participant in this so-called fight or alleged fight."

Shortly thereafter, defendant agreed to plead guilty to aggravated manslaughter with a possible twenty-five-year sentence. During his plea colloquy, defendant stated he was satisfied with his trial counsel's representation of him. He registered no complaint about his attorney's failure to discover the recording

in his predecessor's file, although that oversight was already disclosed.

We may assume that trial counsel was ineffective, by failing to discover the recording in his predecessor's file, and by failing to review it with defendant. See State v. Arthur, 184 N.J. 307, 332 (2005) (stating that a defense attorney has a duty to conduct "appropriate pretrial investigation"). However, defendant has failed to demonstrate the second necessary element of prejudice. He failed to show that the recording was so devastating that, had defendant reviewed it before trial, it would have tipped the balance, and propelled him to plead guilty and accept a twenty-year sentence, whereas the evidence that he already knew was arrayed against him would not.

A court should not upset a conviction "solely because of [a defendant's] post hoc assertions . . . about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 582 U.S. ___, ___, 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476, 487 (2017). Rather, a court must consider "contemporaneous evidence to substantiate a defendant's expressed preferences." Ibid. Defendant here has not provided us with the cited

recording.[1]  Therefore, we are obliged to accept the trial judge's characterization that it showed no fight at all.  We may assume the recording bolstered the State's case and corroborated eyewitnesses, by placing defendant at the scene earlier in the day, identifiable by clothing that is visible in the subsequent recording of the homicide.  However, defendant has not provided us with the discovery he did review, to enable us to judge the relative significance of the recording.

A non-citizen, defendant faced the prospect of certain deportation if convicted.  He may have decided to go to trial because a slight chance of acquittal and avoiding deportation was better than none, even if a trial risked a longer sentence than he would get pleading guilty.  See Lee, supra, 582 U.S. at ___, 137 S. Ct. at 1966-67, 198 L. Ed. 2d at 486 (recognizing the rational basis for such a defense strategy).  It is of no moment that after five days of trial, defendant recalculated and decided to plead guilty in return for the promise of a twenty-five-year

---

[1] An appendix "shall contain . . . such other parts of the record . . . as are essential to the proper consideration of the issues." R. 2:6-1(a)(1).  Failure to supply documents "essential to the proper consideration of the issues hinders our appellate review." Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001).  We are not "obliged to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. v. Blume Goldfaden, 381 N.J. Super. 119, 127 (App. Div. 2005).

A-2168-15T3

term.  Our focus is on the pre-trial decision.  Defendant presents us with an insufficient showing of prejudice — that is, that it is reasonably probable that he would have accepted the twenty-year plea offer, but for his trial counsel's ineffective assistance.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2168-15T3